IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

MORTGAGE GUARANTY INSURANCE,
CO.,

    Plaintiff,

v.

JOHN WHITAKER, *et al.*,

    Defendants.

Case No.: GJH-17-2243

## MEMORANDUM OPINION

Plaintiff Mortgage Guaranty Insurance Company ("MGIC") brings suit against John and Margit Whitaker ("Defendants") to recover losses following its payment on a claim stemming from Defendants' default on their mortgage. ECF No. 12. No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Motion to Dismiss is granted.

**I.  BACKGROUND**[1]

On February 15, 2008, Defendants borrowed money from Weichert Financial Services ("Weichert") for the purchase of a property located at 18 North Luzerne Avenue in Baltimore, Maryland and executed a Note and Deed of Trust secured by the property. ECF No 2 ¶ 5; ECF No. 2-1. MGIC, a mortgage insurance company, insured Weichert, and its successors or assigns, against financial losses should Defendants default on the Note. ECF No. ¶ 11. Defendants failed to pay the installment payments due on the Note, and the Circuit Court for Baltimore City entered an order ratifying the foreclosure sale on July 17, 2012. *Id.* ¶¶ 6,7; *see also Rosenberg, et al. v. Whitaker, et al.*, Case No. 24O12000110 (docket attached as ECF No. 14-1). After

---

[1] Unless stated otherwise, the facts are taken from the Complaint and assumed to be true.

1

applying all credits of the sale to Defendants' total debt, the Court Auditor for Baltimore City determined a deficiency due on the Note in the amount of $141,691.37, and the court issued an order ratifying the Court Auditor's report on November 28, 2012. *See* ECF No. 2 ¶¶ 9, 10; ECF No. 2-2. Following ratification of the deficiency, Dovenmuehle Mortgage, Inc., Weichert's successor in interest, filed an insurance claim with MGIC, who then paid the claim in the amount of $88,272.50 to Federal Home Loan Mortgage Corporation. ECF No. 2 ¶ 12.

As a result of Defendants' default on the Note and MGIC's payment of the insurance claim, MGIC alleges that it became subrogated as to Weichert's claim for the deficiency due on the Note. *See* ECF No. 2 ¶ 13. MGIC brought suit against Defendants for breach of contract on June 26, 2017 in the Circuit Court for Montgomery County, and Defendants removed the action to this Court on August 8, 2017 on the basis of diversity of citizenship under 28 U.S.C. § 1332. Defendants now move to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that MGIC lacks standing to enforce the Note and Deed of Trust and that even if MGIC has standing, it may not enforce the Note through a breach of contract action. *See* ECF No. 12.

## II. DISCUSSION

### A. Motion to Dismiss Pursuant to Rule 12(b)(1)

Because standing is an element of subject matter jurisdiction, a defendant's motion to dismiss for lack of standing should be analyzed under Rule 12(b)(1). *See McInnes v. Lord Baltimore Employee Retirement Income Account Plan*, 823 F. Supp. 2d 360, 362 (D. Md. 2011) (citing *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005)). When such a motion has been filed, the plaintiff bears the burden of proving that jurisdiction exists. *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995). The court should grant the motion only "if the

2

material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In making this determination, the court "is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.*

MGIC's underlying claim is one of breach of contract, alleging that it has suffered an "injury in fact" as a result of Defendants' failure to pay Weichert the installment payments due on the Note. *See* ECF No. 14 at 5 (citing *McInnes*, 823 F. Supp. 2d at 362).[2] Defendants do not dispute that they owed a contractual obligation to Weichert; rather, Defendants argue that MGIC does not have standing to bring suit against it because MGIC is not in privity of contract with Defendants nor designated by Weichert as a third-party beneficiary to the Note. ECF No. 12 at 3. However, both parties agree that the doctrine of subrogation, if properly established, would allow MGIC to "step into the shoes" of Weichert to pursue Weichert's breach of contract action. *See* ECF No. 14 at 8 (citing *Fireman's Fund Ins. Co. v. Cont'l Ins. Co.*, 519 A.2d 202, 204 (Md. 1987)). Subrogation is "[t]he substition of one person in place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities." *Riemer v. Columbia Med. Plan, Inc.* 747 A.2d 677, 682 (Md. 2000). The subrogee is then ordinarily entitled to all the remedies of the creditor and associated means the creditor could employ to recover payment. *Poe v. Phila. Cas. Co.*, 84 A. 476 (Md. 1912).

Maryland recognizes both legal and conventional subrogation. Legal, or equitable, subrogation does not require a contractual relationship between a creditor and a subrogee and

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

3

may be applied where there is "(1) the existence of a debt or obligation for which a party, other than the subrogee, is primarily liable, which (2) the subrogee, who is neither a volunteer nor an intermeddler, pays or discharges in order to protect his own rights and interest." *Sec. Ins. Co. of New Haven-The Connecticut Indem. Co. v. Mangan*, 242 A.2d 482, 485–86 (Md. 1968). In contrast, conventional subrogation requires "an agreement, express or implied, between a debtor and a third party or between a creditor and a third party that, upon payment of the debt, the third party will be entitled to all the rights and securities of that debtor or creditor." *Poteet v. Sauter*, 766 A.2d 150, 160 (Md. 2001). Defendants claim that MGIC has no right of subrogation, legal or conventional, and therefore does not have standing. MGIC claims that it has a right of legal subrogation.

MGIC relies on *Bachmann v. Glazer & Glazer, Inc.*, 559 A.2d 365 (Md. 1988) to assert that it may pursue its claim against Defendants under the theory of *legal* subrogation. ECF No. 14 at 8. In *Bachmann*, a tenant in a commercial building entered into a sales agreement with Glazer. Per the sales agreement, Glazer would become the assignee under the building's lease in the event that the tenant defaulted on the sales agreement. Prior to the sales agreement with Glazer, the tenant had executed an agreement with Bachmann who guaranteed the rental payments owed from the tenant, or any assignee of the tenant's interest in the lease, to the landlord of the building. After the tenant defaulted on its sales agreement with Glazer, Glazer became the assignee under the lease. Glazer then entered into an agreement with the landlord, whereby Glazer agreed to pay the tenant's outstanding rent balance and, in return, the landlord would assign to Glazer its claim against the tenant and Bachmann for the past due rent. *See Bachmann*, 599 A.2d at 366–67.

4

After paying the outstanding rent balance, Glazer brought suit against Bachmann to recover its costs. On review, the Maryland Court of Appeals held that Glazer could recover the payment against Bachmann under the doctrine of subrogation because subrogation "is intended to provide relief against loss and damage to a meritorious creditor who has paid the debt of another." *Id.* at 368. Because the landlord had assigned its interests in the back rent to Glazer, the court found that Glazer was entitled to sue Bachmann, the tenant's guarantor, because "assignment of a debt ordinarily carries with it every remedy or security that is incidental to the subject matter of the assignment" *Id.* at 370. However, contrary to Plaintiff's assertion of legal subrogation, the court's decision rested on *conventional* subrogation. *Id.* at 369 ("The case before us involves conventional subrogation."). The court noted that Glazer paid the back rent as a condition of the landlord granting the assignment, not for the purpose of extinguishing a debt "for" the tenant. *Id.* at 370. (emphasis in original). *Cf. Id.* at 367–68 (citing *Schnader, Inc. v. Cole Build Co.*, 202 A.2d 326 (Md. 1964) (finding legal subrogation of claims for paving costs where plaintiff paved roads on defendant's property in order to obtain permission from the city to pave roads on plaintiff's own property)).

As in *Bachman*, MGIC did not provide payment to Weichert, or its successors or assigns, for Defendants in order to protect its own rights or interests; rather, it provided payment as a result of its insurance agreement with Weichert. Thus, MGIC had no relationship with Defendants, and its interest in the debt is not grounded in the theory of legal subrogation but rather only arises as a result of its contractual relationship with Weichert. *Cf. Mangan*, 242 A.2d at 486 (noting that a legal subrogee is normally not "a complete stranger to the transaction"). Because MGIC is not entitled to legal subrogation, MGIC, like other insurers, "is denied

5

subrogation unless specifically permitted by a policy provision or sanctioned by statute." *Id.* at 487.

As set forth in the Complaint, MGIC insured Weichert, and its successors or assigns, against any financial loss sustained due to Defendants' default on the Note. ECF No. 2 ¶ 11. This insurance agreement included a subrogation provision, providing that "only to the extent that [MGIC] is entitled under applicable law to pursue such deficiency rights, [MGIC] will be subrogated, upon payment of the Loss, in the amount thereof, and with an equal priority to all of [Weichert's] rights of recovery against a Borrower." ECF No. 14-2 at 31. Therefore, because Weichert assigned its interests in the Note to MGIC, and MGIC discharged Defendants remaining debt to Weichert, MGIC has standing to recover the debt from Defendants under a theory of *conventional* subrogation. *See Bachmann*, 599 A.2d at 371 ("In order for Glazer to recover from the guarantors under a theory of conventional subrogation, Glazer needed to prove: (1) that the landlord agreed to assign the debt to Glazer and 2) that Glazer paid the tenant's debt.").[3]

### B. Motion to Dismiss Pursuant to Rule 12(b)(6)

Defendants also argue that even if MGIC has standing, its claim must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. When deciding a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint," and "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). Pursuant to Rule 8(a)(2) of the Federal

---

[3] Because the insurance agreement establishes MGIC's rights as a conventional subrogee and not a legal subrogee, the Court need not address the parties arguments as to whether MGIC's payment under its insurance policy unjustly enriched Defendants. *See Mangan*, 242 A.2d at 486 ("The conventional subrogee is not necessarily entitled to subrogation as a matter of legal right if there are intervening equities, and his rights may be limited or denied him by the terms of his agreement.") (internal citations omitted).

Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss invoking Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544. 570 (2007)).

MGIC argues that under Maryland law, an obligee under a mortgage or promissory note may pursue *either* a motion for deficiency judgment or breach of contract action in an attempt to recover the remaining sums due on a loan after a foreclosure sale. ECF No. 14 at 11 (citing *Wellington Co., Inc. Profit Sharing Plan v. Shakiba*, 952 A.2d 328 (Md. Ct. Spec App. 2008)). But because "[a] subrogee acquires no greater rights than those possessed by the subrogor," MGIC may only bring a breach of contract action if Weichert itself could do so. *See Government Employees Ins. Co. v. Group Hospitalization Medical Services, Inc.* 589 A.2d 464, 466 (Md. 1991) (citing *Poe*, 84 A. 476). Because Weichert is barred by statute from bringing a breach of contract action, MGIC's claim cannot survive.

Pursuant to Section 7-105.13 of the Maryland Real Property Code, after ratification of the auditor's report following a foreclosure sale, a party in interest may file a motion for a deficiency judgment within three years if the proceeds of the sale are insufficient to satisfy the debt. *See* Md. Code Real Prop. § 7-105.13(c), (d). Following ratification of the deficiency, a deficiency judgment is the *sole remedy* available to a creditor. *See* § 7-105.13(f) ("The filing of a motion for deficiency judgment . . . shall constitute the sole post-ratification remedy available to a secured party or party in interest for breach of a covenant contained in a deed of trust, mortgage, or promissory note that secures or is secured by owner-occupied residential property."). Notwithstanding this language, Plaintiff points to Maryland law that provides a twelve-year

7

statute of limitations for actions on a specialty, such as a promissory note or other instrument under seal, creating an exception to the general three-year statute of limitations on civil actions. *See* Md. Code Cts. & Jud. Proc. § 5-102(a)(1). However, this exception does not apply to a "deed of trust, mortgage, or promissory note that has been signed under seal and secures or is secured by owner-occupied residential property." § 5-102(c)(2). Thus, § 7-105.13(f) and § 5-102(c)(2), if applicable, act as bars to MGIC's claim. However, § 7-105.13 and § 5-102(c)(2) were enacted on July 1, 2014, after MGIC's cause of action accrued. *See* 2014 Md. Laws 592 ("H.B. 274"). Therefore, the Court must consider how H.B. 274 affects MGIC's claim.[4]

While § 5-102(c)(2) removes the 12 year statute of limitations for actions, such as the present case, on a note or deed of trust for owner-occupied residential properties, H.B. 274 creates an exemption for those causes of action arising before July 1, 2014, providing that they "must be filed within 12 years after the date the action accrues or before July 1, 2017, whichever occurs first." *See* H.B. 274, Section 4. According to MGIC, Defendants breached their obligations under the Note on May 24, 2012, and Plaintiff's breach of contract claim, filed on July 26, 2017, is therefore timely. *See* ECF No. 14 at 15. However, MGIC's reliance on the bill's exception to § 5-102(c)(2) fails to recognize the impact of § 7-105.13. Pursuant to H.B. 274, the provisions of § 7-105.13, including the provision that a motion for deficiency judgment is the sole post-ratification remedy, applies *prospectively* on or after July 1, 2014:

> [§ 7-105.13] shall be construed to apply prospectively to any motion for a deficiency judgment that is filed on or after the effective date of this Act on a deed of trust, mortgage, or promissory note that secures or is secured by residential property that was owner-occupied residential property at the time the order to docket or complaint to foreclose was filed.

---

[4] Notably, *Wellington Co., Inc. Profit Sharing Plan v. Shakiba*, 952 A.2d 328 (Md. Ct. Spec App. 2008), cited by MGIC to argue that a breach of contract action is viable, pre-dates H.B. 274.

8

*See* H.B. 274 at Section 5.[5]

Based on Section 5, after July 1, 2014, Plaintiff's only viable post-ratification remedy was a motion for deficiency judgment. Such a motion must have been filed within three years after the date of final ratification or by July 1, 2017, whichever occurred first. *See* H.B. 274, Section 6. The auditor's report was ratified on November 28, 2012, and MGIC had until November of 2015 to file a motion for deficiency judgment. A motion for deficiency judgment would now be time-barred and a breach of contract claim is not a viable remedy.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 12, shall be granted. A separate Order follows.

Dated: February 9, 2018

GEORGE J. HAZEL
United States District Judge

---

[5] Though not binding on the Court, the Attorney General's Review Note of House Bill 274 similarly construes Section 5. *See* Ltr. from Attorney Gen. Douglas F. Gansler to Governor Martin O'Malley (April 28, 2014) (on file with the Office of the Attorney General of Maryland) at 2, http://mgaleg.maryland.gov/2014RS/ag_letters/hb0274.pdf ("Section 5 of [H.B. 274] provides that the establishment of a motion for deficiency judgment as the sole post-ratification remedy applies prospectively to any motion for that is filed [sic] on or after [July 1, 2014]").

9